Ren v. Garland

BIA
Nelson, IJ
A206 562 605

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

YABIN REN,
> *Petitioner*,

v.                                                        20-3384
                                                         NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Wei Gu, Esq., Albertson, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Scott M. Marconda, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yabin Ren, a native and citizen of the People's Republic of China, seeks review of a September 4, 2020, decision of the BIA affirming a July 31, 2018, decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yabin Ren,* No. A 206 562 605 (B.I.A. Sept. 4, 2020), *aff'g* No. A 206 562 605 (Immig. Ct. N.Y. City Jul. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's conclusion that Ren was not credible as to his claim that the police arrested, detained, and beat him for reading about Falun Gong at an internet cafe.

The agency reasonably relied on an inconsistency between

3

Ren's testimony and asylum application regarding his treatment while detained. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Ren's application specified that the police brought him into an interrogation room, sat him down, asked multiple questions, and heard Ren respond twice before they beat and kicked him; but he testified to contradictory details, stating that the police attacked him immediately, before he was able to respond. The agency was not required to credit Ren's explanation that he was attempting to tell a "simplified" version of events. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

In addition, the agency reasonably relied on contradictions between Ren's 2013 application for the visa which allowed him to travel to the United States and his asylum application. 8 U.S.C. § 1158(b)(1)(B)(iii). In the visa application, Ren claimed that he was married, had attended Dalian Maritime University, and had no prior

4

arrests; his asylum application states that he is unmarried, had no education past middle school, and was previously arrested. Ren did not exhaust or challenge this finding before the BIA and does not challenge it here. Thus, it is unexhausted and waived and stands as a valid basis for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008) (concluding that unexhausted and waived grounds for adverse credibility determination "could, by themselves, support an adverse credibility determination"). Were we to reach the finding, we would discern no error. Although false statements made to flee persecution do not undermine credibility, the agency did not err in relying on the inconsistencies because Ren did not disavow the visa application at the hearing or clarify what information was true. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("The presentation of fraudulent documents that were created to *escape* persecution may actually tend to support an alien's application . . . But this does not include false documents submitted as genuine to the IJ or BIA." (internal citation omitted)).

The adverse credibility determination is bolstered by

5

Ren's omission of information from his application and the IJ's demeanor finding. The agency reasonably relied on Ren's failure to mention injuries sustained in detention and medical treatment for the injuries after his release. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."). We give "particular deference" to the IJ's demeanor finding, which Ren does not challenge, because "the IJ's ability to observe . . . demeanor places her in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted).

Finally, the agency reasonably relied on Ren's lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to credit Ren's evidence because the documents either did not resolve inconsistencies or were from interested witnesses or individuals not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, the inconsistencies, omissions, demeanor finding, and lack of reliable corroboration constitute

7

substantial evidence for the adverse credibility determination and support the agency's conclusion that Ren failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin*, 534 F.3d at 167. While CAT relief and withholding of removal may be available in some circumstances notwithstanding an adverse credibility determination as to asylum, the adverse credibility determination here is dispositive of all three claims because they were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court